**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PENGMEI LIN, | No. 08-70669 |
| Petitioner, | Agency No. A096-344-434 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2011[**]

Before:    BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

Pengmei Lin, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT"). We have jurisdiction under

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and deny the petition for review.

We lack jurisdiction to review Lin's contention that the IJ applied an improper legal standard in evaluating his asylum claim because he failed to exhaust that issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The record does not compel the conclusion that Lin's one arrest and beating for practicing Zhong Gong rises to the level of persecution. *See Prasad v. INS*, 47 F.3d 336, 339-40 (9th Cir. 1995) (being hit, kicked, and questioned during a brief detention did not compel a finding of persecution); *Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006). In addition, substantial evidence supports the IJ's finding that Lin failed to demonstrate a well-founded fear of future persecution based on his practice of Zhong Gong because he returned to China after visiting the United States subsequent to his arrest and conceded he did not fear returning to China at that time. *See Loho v. Mukasey*, 531 F.3d 1016, 1017-18 (9th Cir. 2008) (noting that "an alien's history of willingly returning to his or her home country militates against a finding of past persecution or a well-founded fear of future persecution"); *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001). Substantial evidence also supports the IJ's finding that Lin failed to demonstrate a well-founded fear of

persecution based on a protected ground for having assisted his Zhong Gong

teacher in departing China illegally. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1043-44

(9th Cir. 2004); *Fisher v. INS*, 79 F.3d 955, 961-62 (9th Cir. 1996) (en banc)

(possibility of prosecution is not persecution on a protected ground). Accordingly,

Lin's asylum claim fails.

Lin has not raised any direct challenge to the agency's denial of withholding

of removal and CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th

Cir. 1996) (stating that issues not supported by argument are deemed abandoned).

**PETITION FOR REVIEW DENIED.**